UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-00533-FDW-DCK

| | |
|---|---|
| LEE WARD, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| FIGURE LENDING, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant Figure Lending, LLC's ("Defendant") Motion to Dismiss. (Doc. No. 27.) This matter has been fully briefed, (Doc. Nos. 27, 31, 32), and is ripe for ruling. For the reasons set forth below, Defendant's Motion is **DENIED without prejudice**.

## I. BACKGROUND

On August 26, 2024, Plaintiff filed his Amended Complaint. (Doc. No. 24.) In his Complaint, Plaintiff represents he "is a United States citizen currently living and working outside of the United States." (Id. at 1.) Plaintiff alleges "[t]his Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332(d)(2)(A), because the Class contains more than 100 persons, the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, and at least one member of the Class is a citizen of a state different from [Defendant]." (Id. at 2.) Plaintiff summarily states "[j]urisdiction under 28 U.S.C. § 1332(d)(2)(A) cannot seriously be disputed" because based on Defendant's alleged conduct "there are more than 100 members of the putative classes alleged herein, and that the amount in controversy exceeds $5,000,000." (Id.) Plaintiff identifies the possible citizenships, for jurisdiction purposes, of four potential class members: the District of Columbia, California, and Colorado. (Id. at 17–20.) However, Plaintiff's Amended

1

Complaint claims these possible class members made the referenced complaints about Defendant in January, May, and June 2022, more than three years ago. (Id. at 17–20.)

## II. ANALYSIS

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). If there is doubt whether such jurisdiction exists, a court must "raise lack of subject-matter jurisdiction on its own motion," without regard to the parties' positions. Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982); see also Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) (noting federal courts are independently obliged to determine whether subject-matter jurisdiction exists, "even when no party challenges it"). "No party can waive the defect, or consent to [subject-matter] jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wis. Dept. of Corrs. v. Schacht, 524 U.S. 381, 382 (1998). The party asserting subject-matter jurisdiction bears the burden of proving it. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

Under the Class Action Fairness Act, federal courts have original jurisdiction over class actions if the class: (1) has more than 100 members; (2) the parties are minimally diverse; and (3) the amount in controversy exceeds $5,000,000.00. The Standard Fire Ins. Co. v. Knowles, 133 S.Ct. 1345, 1348 (2013). Although a plaintiff may claim "some members of the putative class included" diverse members, the plaintiff will fail to establish minimal diversity if the pleadings do not identify a specific diverse class member. Sanchez v. Ameriflight, LLC, 724 F. App'x 524, 526 (9th Cir. 2018).

"[S]tate citizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile . . . ." Axel Johnson, Inc. v. Carroll Carolina Oil Co., 145 F.3d

660, 663 (4th Cir. 1998). If a party is "a United States citizen," but "has no domicile in any State," that party is "'stateless'" for purposes of jurisdiction. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989).

In this case, Plaintiff, the only named plaintiff, "is a United States citizen currently living and working outside of the United States." (Doc. No. 24, p. 1.) Since Plaintiff is not domiciled in a State, Plaintiff is stateless for jurisdiction purposes. Plaintiff's Amended Complaint does not allege the citizenship of a proposed class member. While Plaintiff only needs to show a single class member, named or unnamed, is diverse from Defendant to meet the requirements of jurisdiction here, the Amended Complaint appears to lack the requisite allegations to do so. Therefore, it appears this Court does not have jurisdiction.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff **SHOW CAUSE** by September 26, 2025, why this Court has jurisdiction over this case.

**IT IS FURTHER ORDERED** that Defendant Figure Lending, LLC's Motion to Dismiss, (Doc. No. 27), is **DENIED without prejudice to refiling**.

**IT IS SO ORDERED.**

Signed: September 4, 2025

_____
Frank D. Whitney
Senior United States District Judge