# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

|  |  |  |
|---|---|---|
| LEE WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 3:24-cv-00533-FDW-DCK |
| FIGURE LENDING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>RESPONSE TO SHOW CAUSE ORDER</u>

Plaintiff Lee Ward hereby responds to the Court's Show Cause Order (Doc. 33) dated September 4, 2025. Plaintiff concedes that, while he is a United States citizen, he is stateless for the purposes of jurisdiction because he currently is not domiciled in any state. <u>See, e.g.</u>, <u>Newman-Green, Inc. v. Alfonzo-Larrain</u>, 490 U.S. 826, 828 (1989); <u>Axel Johnson, Inc. v. Carroll Carolina Oil Co.</u>, 145 F.3d 660, 663 (4th Cir. 1998). However, that does not mean that this Court lacks jurisdiction under the Class Action Fairness Act ("CAFA"). Under the Fourth Circuit's recent decision in <u>Skyline Tower Painting, Inc. v. Goldberg</u>, 148 F.4th 209 (4th Cir. 2025), there are sufficient allegations in Mr. Ward's operative complaint to establish CAFA jurisdiction in this matter.

As this Court noted in its Show Cause Order, under CAFA, federal courts have original jurisdiction over class actions if the class: (1) has greater than 100 members; (2) the parties are diverse; and (3) the amount in controversy exceeds $5,000,000.00.  E.g., The Standard Fire Ins. Co. v. Knowles, 568 U.S. 588, 591-92 (2013).  While a plaintiff may claim that some members of the putative class are diverse, a plaintiff fails to establish minimal diversity if the pleadings do not identify a specific diverse class member.  Sanchez v. Ameriflight, LLC, 724 F. App'x 524, 526 (9th Cir. 2018).  The Fourth Circuit's analysis in Skyline Tower, however, reveals that Mr. Ward's allegations regarding putative class members residing in the District of Columbia, California, and Colorado are sufficient to establish diversity of jurisdiction from Defendant, which is located in North Carolina.  Compare Amended Complaint, ¶¶ 42 (quoting complaint of Washington, D.C. consumer), 43-44 (offering complaints of two different California consumers), 45 (Colorado consumer) with Amended Complaint, ¶2 (listing Figure's principal office in North Carolina).  The Amended Complaint also refers to "thousands of similar complaints."  Id. at ¶41; see also id. at  ¶¶ 46-47 (describing numerous other complaints).

In Skyline Tower, the Fourth Circuit analyzed the "complicated question" of determining the citizenship of individuals under CAFA.  After extensive analysis, the Circuit Court concluded that "residency suffices to create a rebuttable

presumption of citizenship." 148 F.4th at 225. In reaching this conclusion, the Court relied on the Sixth Circuit's decision in <u>Mason v. Lockwood, Andrews & Newnam, P.C.</u>, 842 F.3d 383, 390 (6th Cir. 2016), where the court gave an historical overview of the longstanding "rebuttable presumption that a person's residence is his domicile."

The Fourth Circuit further emphasized that by enacting the Class Action Fairness Act, "Congress has expressly directed federal courts to decline jurisdiction over local controversies . . . while providing for Federal court consideration of interstate cases of national importance." <u>Skyline Tower</u>, 148 F.4th at 225-26 (citing CAFA § 2(b)(2)). Thus, CAFA's objective was to ensure that interstate class action claims of national importance are heard and resolved in the federal courts.

Ultimately, the Fourth Circuit held that "[w]here a plaintiff class presents evidence that a class member is a resident of a given state, it is eminently reasonable for the district court **to adopt a rebuttable presumption that the class member is a citizen of that state**." 148 F.4th at 226 (emphasis added). Adopting such a presumption "does not undermine CAFA's 'goal' of keep[ing] *interstate* actions in federal court and truly *intrastate* actions in the state courts" but rather promotes it. <u>Id.</u> (emphasis in original).

3

Applying this logic and analysis here, Mr. Ward's allegations regarding specific putative class members residing in the District of Columbia, California, and Colorado should create the presumption that these class members are citizens of those states. Doing so will promote CAFA's objective of ensuring that the claims in this interstate class action – wherein Plaintiff alleges that Figure has provided loans to 100,000 households across the United States – are heard and resolved in this federal court rather than a North Carolina state court. The allegations in Mr. Ward's Amended Complaint are sufficient to establish that this Court has jurisdiction over this matter. If warranted, additional allegations of complaints from potential class members from further states can be added. See Amended Complaint, ¶¶ 41, 46-47.

4

DATED this 3rd day of October, 2025.

WEBB, KLASE & LEMOND, LLC

*/s/ E. Adam Webb*
E. Adam Webb

1900 The Exchange, S.E.
Suite 480
Atlanta, Georgia 30339
(770) 444-9325
(770) 217-9950 (fax)
Adam@WebbLLC.com

Kurt F. Hausler
HAUSLER LAW FIRM, PLLC
524 East Boulevard
Charlotte, NC 28203
(704) 247-3255
(704) 247-3267 (fax)
khausler@hauslerlaw.com

*Counsel for Plaintiff*

5

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on October 3, 2025, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Western District of North Carolina, using the Court's Electronic Case Filing (ECF) system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct.

*/s/ E. Adam Webb*
E. Adam Webb
