UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-CV-00533-MEO-DCK

| | |
|---|---|
| LEE WARD,<br><br>Plaintiff,<br><br>v.<br><br>FIGURE LENDING, LLC,<br><br>Defendant. | **MEMORANDUM & ORDER** |

**THIS MATTER** is before the Court *sua sponte* and on Plaintiff's Response to the Court's Show-Cause Order. (Doc. Nos. 33, 36). For the reasons set forth below, the Court will dismiss Plaintiff's case for lack of subject-matter jurisdiction.

## I. BACKGROUND

Plaintiff Lee Ward filed this matter as a Class Action Complaint against Defendant Figure Lending, LLC on June 5, 2024, and filed an Amended Complaint on August 26, 2024, alleging breach of contract, unjust enrichment, and violations of the Arizona Consumer Fraud Act. (Doc. Nos. 1; 24). Defendant filed its Motion to Dismiss on September 9, 2024. (Doc. No. 27). On September 4, 2025, the Court denied Defendant's motion without prejudice to refiling and ordered Plaintiff to show cause as to why this case should not be dismissed for lack of subject-matter jurisdiction. (Doc. No. 33). Plaintiff timely responded to the Court's Show-Cause Order on October 3, 2025. (Doc. No. 36). In his response, Plaintiff admitted that "he is stateless for the purposes of jurisdiction because he currently is not domiciled in any state." *Id.* at 1. On December 23, 2025, this case was reassigned to the undersigned.

Prior to initiating this matter, Plaintiff filed suit against Defendant in Georgia state court, Defendant removed the case to federal court, and the case was ultimately transferred to the District of Arizona. (Doc. No. 24 at 3). That court granted Defendant's motion to dismiss without prejudice in part because the court found it lacked subject-matter jurisdiction under the amount-in-controversy requirement of the Class Action Fairness Act ("CAFA"). *Id.* at 4; *see also Ward v. Figure Lending LLC*, No. CV-23-08116-PHX-SPL, 2023 WL 8455125, at *2 n.1 (D. Ariz. Dec. 6, 2023).

## II. LEGAL STANDARD

"Federal courts are all of limited jurisdiction, and their proceedings are erroneous, if the jurisdiction be not shown upon them." *Hain Celestial Grp., Inc. v. Palmquist*, 607 U.S. 421, 428 (2026) (internal quotation marks omitted); *accord Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (Federal courts "possess only that power authorized by Constitution and statute."). It is thus "presumed that a cause lies outside this limited jurisdiction." *Kokkonen*, 511 U.S. at 377. The burden of rebutting this presumption falls on the party asserting jurisdiction. *Id.* Federal subject-matter jurisdiction "can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject-matter jurisdiction issues that have not been presented. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Indeed, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any

party."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

## III. DISCUSSION

Plaintiff has asserted that this Court's jurisdiction exists under CAFA. *See* (Doc. No. 24 at 2). CAFA authorizes original federal jurisdiction for a class action if: (1) the class has more than 100 members; (2) the parties are minimally diverse; and (3) the amount in controversy is greater than $5,000,000. 28 U.S.C. § 1332(d); *see also Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (listing CAFA requirements). To satisfy minimal diversity, a plaintiff must show that a single "named or unnamed" class member is diverse from the defendant. 28 U.S.C. § 1332(d)(1)(D), (d)(2)(A).

"[T]he Supreme Court has consistently held [that] state citizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile." *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998). "Domicile requires physical presence, coupled with an intent to make the State a home." *Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008); *accord Mitchell v. United States*, 88 U.S. (21 Wall.) 350, 353 (1874) ("To constitute [a] new domicile two things are indispensable: First, residence in the new locality; and, second, the intention to remain there."). "[T]he existence of [state] citizenship cannot be inferred from allegations of mere residence, standing alone." *Axel Johnson*, 145 F.3d at 663. When a complaint "allege[s] neither citizenship nor

domicile, but only residence," it "d[oes] not properly invoke the court's diversity jurisdiction." *Id.*

Arguing that subject-matter jurisdiction exists, Plaintiff relies on *Skyline Tower Painting, Inc. v. Goldberg*, 148 F.4th 209 (4th Cir. 2025). (Doc. No. 36 at 2–3). There, the Fourth Circuit held that "residency suffices to create a rebuttable presumption of citizenship." *Skyline Tower*, 148 F.4th at 225. But because the Fourth Circuit also held that this residency-citizenship presumption is limited to "the context of CAFA's local-controversy exception," the Court rejects Plaintiff's reasoning. *Id.*

Aligning with the Sixth Circuit, the Fourth Circuit explained in *Skyline Tower* that "the local-controversy exception is not jurisdictional" but "statutory" because CAFA exceptions force a federal court to inquire whether it must decline to exercise jurisdiction that already exists. *Id.* at 226. Indeed, "[i]n CAFA-exception cases, the court has necessarily determined that jurisdiction exists and is only considering whether the exceptions impose a limit." *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 196 n.6 (4th Cir. 2017); *accord Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1023 (9th Cir. 2007) (noting that CAFA exceptions "require federal courts—although they have jurisdiction . . . to decline to exercise jurisdiction" (emphasis omitted)). Because CAFA-exception cases are not jurisdictional, the presumption against federal jurisdiction does not pose an obstacle to the party invoking the exception. *See Scott*, 865 F.3d at 196 n.6; *see also Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 392 (6th Cir. 2016) ("Though the residency-domicile presumption did not prevail against the unrelenting headwinds of limited federal jurisdiction, there is no reason

it should suffer a similar fate under the local controversy exception.").

As mentioned, Plaintiff has asserted that this Court's jurisdiction exists under CAFA instead of seeking an exception from it. *See* (Doc. No. 24 at 2). In other words, the question before this Court *is* jurisdictional, and the Court must therefore determine whether subject-matter jurisdiction exists at the threshold. In this context, residency cannot create a rebuttable presumption of citizenship. *See Axel Johnson*, 145 F.3d at 663; *see also Skyline Tower*, 148 F.4th at 225 ("In the context of diversity jurisdiction, residency alone is insufficient to establish citizenship."). Thus, Plaintiff must have alleged in his Amended Complaint that at least one putative class member was a citizen of a state other than that of Defendant. *See Axel Johnson*, 145 F.3d at 663 (explaining that when a complaint "alleged neither citizenship nor domicile, but only residence," it "did not properly invoke the court's diversity jurisdiction"); *see also Mason*, 842 F.3d at 392 (noting that "the residency-domicile presumption d[oes] not prevail against the unrelenting headwinds of limited federal jurisdiction").

Plaintiff's Amended Complaint lists both named and unnamed putative class members by citing consumer complaints about Defendant. *See* (Doc. No. 24 at 7–21). For the named putative class members, Plaintiff alleges neither residence nor domicile. *See id.* at 7–17. For the unnamed putative class members, Plaintiff alleges residence but neither domicile nor citizenship. *See id.* at 17–20. In both instances, Plaintiff's Amended Complaint fails to allege that any putative class member is a citizen of a state other than that of Defendant. Instead, Plaintiff relies on residence alone—and even doubled down on this approach in response to the Court's Show-

Cause Order. But as explained, residence alone cannot establish diversity jurisdiction, and Plaintiff otherwise fails to demonstrate that subject-matter jurisdiction exists. Accordingly, this Court concludes that it lacks subject-matter jurisdiction and will dismiss Plaintiff's case.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's case is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. The Clerk is directed to close this case in accordance with this Order.

**SO ORDERED.**

Signed: September 3, 2026

Matthew E. Orso
United States District Judge